# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSTON INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTY ABE, et al.,<br><br>　　　　Defendants. | Case No. CV 18-02545-JAK (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>==JS-6== |

## I.

## FACTUAL BACKGROUND

Plaintiff Kingston Investments, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Kristy Abe and Does 1 to 10 ("Defendants"), on or about February 1, 2018. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly occupants of real property located in Sun Valley, California ("the property"). Compl. ¶ 3; Prejudgment Claim of Right of Possession ¶ 3. Plaintiff is the owner of the property. Compl. ¶¶ 2-3. Plaintiff filed the unlawful detainer action demanding that Defendants quit and deliver up possession of the property. *Id.* at ¶ 4. Plaintiff also seeks monetary damages. *Id.* at ¶ 6, Prayer for Relief.

1

2       Defendant Arturo Andrade filed a Notice of Removal on March 29, 2018,
3 invoking the Court's diversity jurisdiction. Removal at 2-4. Defendant Andrade
4 also filed a Request to Proceed *In Forma Pauperis*. Dkt. No. 3.

5 **II.**

6 **DISCUSSION**

7       Federal courts are courts of limited jurisdiction, having subject matter
8 jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.,*
9 *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.
10 2d 391 (1994). It is this Court's duty always to examine its own subject matter
11 jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.
12 Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an
13 obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,
14 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an
15 opportunity to respond when a court contemplates dismissing a claim on the merits,
16 it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting
17 internal citations). A defendant attempting to remove an action from state to
18 federal court bears the burden of proving that jurisdiction exists. *See Scott v.*
19 *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption"
20 against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th
21 Cir. 1992).

22       Defendant Andrade asserts that this Court has subject matter jurisdiction due
23 to the existence of diversity. Removal at 2-4. Section 1441 provides, in relevant
24 part, that a defendant may remove to federal court a civil action in state court of
25 which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section
26 1332 provides that federal "district courts shall have original jurisdiction over all
27 civil actions where the matter in controversy exceeds the sum of $75,000, . . ., and
28 is between—(1) citizens of different States . . . ." *See id*. § 1332.

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to an amount less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

### III.
### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: April 6, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE